Lincoln D. Bandlow, Esq. (CA #170449)
lincoln@bandlowlaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Phone: (310) 556-9680
Fax: (310) 861-5550

*Attorney for Plaintiff*
*Strike 3 Holdings, LLC*

Steven C. Vondran, [SBN 232337]
steve@vondranlegal.com
**The Law Offices of Steven C. Vondran, PC**
401 Wilshire Boulevard, 12th Floor
Santa Monica, CA 94104
Phone: (877) 276-5084
Fax: (888) 551-2252

*Attorneys for Defendant*
*John Doe subscriber assigned*
*IP address 137.25.32.18*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 137.25.32.18,<br><br>　　　　　Defendant. | Case No.: 2:19-cv-10671-TJH-SP<br><br>**STATUS REPORT AND REQUEST FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT** |

　　　Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), by and through its counsel of record, Lincoln D. Bandlow, hereby gives this status report and requests entry of an

1

Order extending the time within which to effectuate service on Doe, and state as follows:

WHEREAS, this is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. Doe's true identity is known by their Internet service provider ("ISP").

WHEREAS, on February 13, 2020, Plaintiff was granted leave to serve a third-party subpoena on Defendant's ISP to obtain Doe's identifying information [CM/ECF 12]. Plaintiff issued the subpoena on or about February 20, 2020 and, in accordance with the time allowances provided to both the ISP and Doe, expected to receive the ISP's response on or about April 30, 2020.

WHEREAS, pursuant to Fed. R. Civ. P. Rule 4(m), Plaintiff was required to effectuate service on Doe no later than March 16, 2020.

WHEREAS, because the ISP was not expected to respond until April 30, 2020 and Doe's identity was unknown to Plaintiff, on March 13, 2020, Plaintiff filed its First application for Extension of Time Within Which to Effectuate Service on John Doe Defendant ("First Application for Extension"). [CM/ECF 13].

WHEREAS, on March 26, 2020, Defendant filed a Motion to Quash Subpoena and Dismiss Case ("Motion to Quash"). [CM/ECF 15].

WHEREAS, on April 2, 2020, the Court granted Plaintiff's First Application for Extension, extending the deadline to effect service to June 29, 2020. [CM/ECF 16].

WHEREAS, on April 6, 2020, Plaintiff filed its Memorandum in Opposition to Defendant's Motion to Quash. [CM/ECF 17].

WHEREAS, on April 7, 2020, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Motion to Quash. [CM/ECF 18].

WHEREAS, on June 29, 2020, Plaintiff filed its Second Application for Extension of Time Within Which to Effectuate Service on John Doe Defendant ("Second Application for Extension"). [CM/ECF 19]. Defendant did not oppose the Second Application for Extension. *Id.*

WHEREAS, on July 24, 2020, the Court granted Plaintiff's Second Application for Extension, extending the deadline to effect service to August 28, 2020. [CM/ECF 22].

WHEREAS, on September 1, 2020, Plaintiff filed its Third Application for Extension of Time Within Which to Effectuate Service on John Doe Defendant ("Third Application for Extension"). [CM/ECF 23]. Defendant did not oppose the Third Application for Extension. *Id.*

WHEREAS, on September 4, 2020, the Court granted Plaintiff's Third Application for Extension, extending the deadline to effect service to October 27, 2020. [CM/ECF 24].

WHEREAS, Defendant's Motion to Quash is currently pending before the Court;

WHEREAS, Plaintiff respectfully seeks additional time to effectuate service of process on Defendant John Doe.

WHEREAS, this request is made in good faith and not for the purpose of undue delay.

WHEREAS, this is the fourth request for such an extension, and

WHEREAS, none of the parties would be prejudiced by such an extension. On October 27, 2020 at 11:16 a.m. and then again at 2:47 p.m., counsel for Plaintiff sent emails to Defendant's counsel requesting that he stipulate to this further extension (as he had not opposed the prior applications). Plaintiff's counsel did not receive a response to either email. Plaintiff has no reason to

believe that Defendant would oppose this Request in light of the prior unopposed requests.

    IT IS HEREBY REQUESTED that the time within which Plaintiff has to effect service of the summons and Complaint on Doe be extended an additional sixty (60) days, and thus the deadline to effect service be extended to December 26, 2020.

Dated: October 28, 2020

                                        /s/ Lincoln Bandlow

                                        Lincoln D. Bandlow

                                        LAW OFFICES OF
                                        LINCOLN BANDLOW, PC

                                        *Attorney for Plaintiff*
                                        Strike 3 Holdings, LLC

4

STATUS REPORT AND REQUEST FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT

Case No. 2:19-cv-10671-TJH-SP